**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Brian J. Strauss, Individually, and** | ) | |
| **d/b/a 1572 North Milwaukee Avenue** | ) | |
| **Building Corporation, an Illinois** | ) | |
| **Corporation** | ) | **Case No. 17-cv-5348** |
| | ) | |
| **v.** | ) | **Judge Rebecca Pallmeyer** |
| | ) | |
| **The City of Chicago, a municipal corporation,** | ) | |
| **Alderman Proco Joe Moreno, and the City of** | ) | |
| **Chicago's Committee on Zoning, Landmarks** | ) | |
| **and Building Standards** | ) | |

**<u>DEFENDANTS' MOTION TO DEFER THE RESPONSIVE PLEADING DEADLINE</u>**

Defendants City of Chicago, Alderman Proco Joe Moreno, and the City of Chicago's Committee on Zoning, Landmarks and Building Standards, by their counsel, Edward N. Siskel, Corporation Counsel for the City of Chicago, hereby respectfully move for an order deferring the time for the filing of a responsive pleading to Plaintiff's Complaint. In support of their motion, Defendants state as follows:

1. This action arises from Plaintiff Brian J. Strauss' allegations that Alderman Proco Joe Moreno introduced two zoning proposals to the City of Chicago's Committee on Zoning, Landmarks, and Building (the "Zoning Committee") for allegedly improper reasons. Plaintiff filed his Complaint on July 24, 2017. This action is therefore subject to the Northern District's Standing Order Regarding Mandatory Initial Discovery Pilot Project (the "Standing Order)".

2. The Standing Order requires that parties "must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have already filed a preliminary motion pursuant to Rule 12(b)." (Standing Order, at ¶ 3.) However, the Court

1

"may defer the time [to answer] for good cause while it considers a motion to dismiss based on: (1) lack of subject-matter jurisdiction, . . . (4) absolute immunity, or (5) qualified immunity of a public official." (*Id.*)

3. On August 16, 2017, this court granted Defendants' unopposed motion for an extension of time to answer or otherwise plead to Plaintiff's Complaint to and including September 28, 2017. (Doc. 13, Minute Entry.)

4. Defendants intend to meet this Court's September deadline by filing a Rule 12(b) motion to dismiss based on one or more of the Standing Order exceptions allowing deferment of an answer. Specifically, Defendants possess grounds to dismiss this action in full under the aforementioned grounds listed in the Standing Order because this action is not ripe for review and there is no basis for subject matter jurisdiction. In addition, Alderman Moreno is entitled to absolute legislative immunity and qualified immunity, and Defendants are entitled to immunity under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1, *et seq. Williamson County Regional Planning Commission v. Hamilton Bank*. 473 U.S. 172 (1985); *Forseth v. Village of Sussex*, 199 F.3d 363 (7th Cir. 2000); *River Park v. City of Highland Park*, 23 F.3d 164 (7th Cir. 1994).

5. Defendants possess good cause for seeking this deferral due to the nature of certain immunity defenses Defendants wish to pursue, which provide immunity from suit rather than a mere defense to liability. Moreover, this deferment would serve judicial economy and the interests of both parties by allowing early adjudication of defenses that may render costly discovery and pretrial practice unnecessary.

6. In the event that this Court grants this Motion, ". . . the time to answer, counterclaim, crossclaim, or reply shall be set by" this Court, and the time to serve responses to the Standing Order initial discovery is in turn measured from the date this Court sets. (Standing Order, at ¶ 3.) Defendants request deferment pending the resolution of their Motion to Dismiss. If this Court does not set any deadline for a responsive pleading, then Rule 12(a)(4) applies and provides the trigger for the mandatory initial discovery obligations. (*Id.*)

WHEREFORE, for the foregoing reasons, Defendants City of Chicago, Alderman Proco Joe Moreno, and the City of Chicago's Committee on Zoning, Landmarks and Building Standards, respectfully request that this Court defer the responsive pleading deadline and set a new deadline pending its resolution on Defendants' motion to dismiss and/or for any other relief that this Court deems just and proper.


Date:                                                    Respectfully submitted,


                                                         EDWARD N. SISKEL
                                                         Corporation Counsel of the City of Chicago


                                                         By: _____
                                                              Assistant Corporation Counsel

Andrew S. Mine
Jordan A. Rosen
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7220 / 744-9018
Attorneys for Defendants